UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN AIYASH,

    Plaintiff,                        CIVIL ACTION NO. 10-12259

    v.                              DISTRICT JUDGE BERNARD A. FREIDMAN

BAC HOME LOANS SERVICING,       MAGISTRATE JUDGE MARK A. RANDON
LP, and SHORE MORTGAGE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
SHORE MORTGAGE'S MOTION TO DISMISS (DKT. 8), DENY
PLAINTIFF'S "COUNTER MOTION TO DENY" (DKT. 14), GRANT
BAC HOME LOANS SERVICING, LP'S MOTION TO DISMISS (DKT. 16)
AND DENY SHORE MORTGAGE'S MOTION TO STRIKE (DKT. 19)**

This is a consumer lending action. Acting *pro se*, Plaintiff Norman Aiyash[1] ("Plaintiff") makes various allegations concerning an August 22, 2007, mortgage loan transaction that he entered into with Defendant Shore Mortgage, more formally known as Shore Financial Services, Inc. d/b/a Shore Mortgage ("Shore Mortgage"). Defendant BAC Home Loans Servicing, LP ("BAC") is the mortgagee by assignment and is also the servicer of the loan at issue.

Although Plaintiff's allegations are not clearly spelled out in his *Pro Se* Complaint, Plaintiff appears to assert claims for: (a) violations of the Truth In Lending Act ("TILA") (¶ 7 of the "Factual Allegations II" section of the Complaint); (b) unjust enrichment (¶ 26 of the "Factual Allegations II" and ¶ 60 of "Factual Allegations – Unjust Enrichment IV" section of the Complaint); (c) breach

---

[1] Plaintiff spells his name differently throughout his pleadings – at some points he types his name as "Norman Aiyash" and at other times as "Noman Aiayash."

-1-

of fiduciary duty (alleged in the title "Factual Allegations – Breach of Fiduciary Duties III," but not in the paragraphs under that section of the Complaint); (d) wrongful foreclosure (¶¶ 17-22 of the "Factual Allegations II" section of the Complaint); (e) violation of MCL § 600.3201 (¶ 13); and (f) violation of MCL 600.3204(1)(c)(3) (¶ 12). *See generally*, Complaint (Dkt. 1).

On August 25, 2010, the Court referred all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b)(1) (Dkt. 24). There are four motions before the Court: (1) Shore Mortgage's motion to dismiss (Dkt. 8); (2) Plaintiff's "counter motion to deny [Shore Mortgage's] motion to dismiss civil action and motion for discovery and request for admissions" (Dkt. 14);[2] (3) BAC's motion to dismiss (Dkt. 16); and (4) Shore Mortgage's motion to strike Plaintiff's counter motion (Dkt. 19).

The Court held oral argument on Shore Mortgage's motion to dismiss on September 9, 2010. Plaintiff failed to appear at this motion hearing, and Shore Mortgage presented its motion unopposed. On October 7, 2010, the Court held oral argument on BAC's motion to dismiss and also held a re-noticed second hearing on Shore Mortgage's motion to dismiss. Plaintiff again failed to appear at the October 7, 2010 hearing and both Defendants presented their motions to dismiss unopposed.

For the reasons set forth below, it is **RECOMMENDED** that Defendants' motions to dismiss (Dkts. 8 & 16) be **GRANTED** and that Plaintiff's case be dismissed with prejudice. It is further recommended that Plaintiff's "counter motion" (Dkt. 14) be denied and that Shore Mortgage's motion to strike (Dkt. 19) be denied, as moot.

---

[2] Although styled as a "counter motion," Plaintiff's counter motion is essentially a response to Shore Mortgage's motion to dismiss, with appended discovery requests. However, Plaintiff's counter motion does not substantively address any of the arguments presented in Shore Mortgage's motion to dismiss. Plaintiff did not file any written response to BAC's motion to dismiss.

# I. FACTUAL BACKGROUND

Plaintiff obtained a mortgage loan on August 22, 2007 from Shore Mortgage in the principal amount of $52,584 to purchase certain residential property located at 2307 Wyandotte, Hamtramck, Michigan 48212 (the "Property") as his primary residence. *See* Complaint, ¶ 3; *see also*, Executed Note, (Dkt. 16, Ex. A), and Executed Mortgage, (Dkt. 16, Ex. B). As security for the loan, Plaintiff granted a mortgage on the Property to nonparty Mortgage Electronic Registration Systems, Inc. ("MERS") (acting solely as nominee for Shore Mortgage and its successors and assigns). *See* (Dkt. 16, Ex. B). BAC is the mortgagee by assignment from MERS and also services the loan. *See* Assignment of Mortgage (Dkt. 16, Ex. C). Apparently unable to make the loan payments as they became due, Plaintiff defaulted on the loan, and BAC commenced foreclosure proceedings.

# II. DISCUSSION

## *A. Standard of Review*

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. As the Supreme Court has recently made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), quoting *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Although the pleader is given the benefit of the doubt as to inferences that can be derived from the allegations, that deference "does not extend to facts which are not 'well-pleaded.'" *Greenberg v. Compuware Corp.*, 889 F.Supp. 1012, 1015-1016 (E.D. Mich. 1995).

> Inasmuch as a court 'need not accept as true legal conclusions or unwarranted factual inferences * * * the sufficiency of a complaint may be tested after all unsupported, conclusory allegations are excised. If what remains does not include direct or inferential allegations of fact respecting all of the material elements of a cause of action, then dismissal pursuant to Rule 12(b)(6) is warranted. *Id.*, quoting, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

A court may consider a document that is not formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). The court's consideration of the document does not require conversion of the motion to one for summary judgment. *Id.* A court may also consider "matters of public record," such as court records, when considering a motion to dismiss under Rule 12(b)(6). *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, a court may use its discretion in dismissing a pleading if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Eastern District of Michigan Local Rule 7.1(b) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of

formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109.

### B. Defendants' Motions To Dismiss Should Be Granted

#### 1. Plaintiff's TILA Claims Are Time-Barred.

Defendants assert that Plaintiff's TILA claims are barred under TILA's one-year statute of limitations. Defendants' argument is well-taken. Pursuant to 15 U.S.C. § 1640(e), "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Defendants note that the transactions at issue in this case occurred on August 22, 2007. Plaintiff did not file this action until June 8, 2010 – nearly three years later. Moreover, Plaintiff did not respond substantively to Defendant's motions to dismiss and thus has not provided any evidence to support an equitable tolling of the TILA statute of limitations in this case. As such, Plaintiff's TILA claims are barred by TILA's one-year statute of limitations and should be dismissed. *See Lancaster v. Countrywide Home Loans, Inc.*, No. 09-12198, 2009 WL 2584736, 5 (E.D. Mich. Aug.19, 2009) (Cleland, J.) (With respect to statutory damages for a TILA violation, "[p]laintiff obtained her 2006 Loan in May of 2006 and did not file the instant lawsuit until April 2009. The statutory period has run, and therefore, damages for Plaintiff's May 2006 Loan are barred."); *Keith v. Countrywide Home Loans, Inc.*, No. 08-13398, 2009 WL 1324904, *2 (E.D. Mich. May 12, 2009) (Friedman, J .) ("Plaintiffs mortgage originated on May 27, 2004[,] but they did not bring this action until August 5, 2008, well after the statute of limitations for bringing a TILA claim had expired. As a result, Defendants are entitled to summary disposition on all TILA claims in the Amended Complaint.").

## 2. Plaintiff's Unjust Enrichment Claim Fails As A Matter Of Law.

Under the section of his complaint labeled "Factual Allegations – Unjust Enrichment IV," and also in the "Factual Allegations II" section of the Complaint, Plaintiff attempts to plead an unjust enrichment claim. Plaintiff alleges "Defendant BAC Home Loan Servicing LP & Shore Mortgage have knowingly accepted and received for value Plaintiffs [sic] promissory note, without giving anything of value in return to Plaintiff." Complaint, ¶ 60. This claim fails as a matter of law and should be dismissed. Plaintiff cannot satisfy the elements of an unjust enrichment claim, which are: (1) receipt of a benefit by the defendant from the plaintiff; and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. *See Barber v. SMH(US), Inc*, 202 Mich. App. 366, 375 (1993). Here, Plaintiff has failed to allege an inequity, as it is undisputed that he received a loan for $52,584 to purchase a home, which he has failed to repay.

Furthermore, an unjust enrichment claim cannot be maintained where there is an express contract that covers the same matter. This is because an action for unjust enrichment seeks to imply a contract, which is unnecessary and inappropriate if there is an express contract that covers the same matter. *See Kammer Asphalt Paving v. East China Township Schools*, 443 Mich. 176, 1985-186 (1993); *see also, Barber*, 202 Mich. App. at 375; *Johnson v. Michigan Mut. Ins. Co.*, 183 Mich. App. 277, 280 (1989); *Campbell v. City of Troy*, 42 Mich. App. 534, 537 (1972). Here, Plaintiff executed the Note and Mortgage, both of which are at the core of Plaintiff's claims. *See* (Dkt. 16, Exs. A and B). Since an express contract that covers the same subject matter of Plaintiff's unjust enrichment claim, Plaintiff's unjust enrichment claim fails as a matter of law and should be dismissed.

### 3. Plaintiff's Claims Under MCL §§ 600.3201 And 600.3204(1)(c)(3) Fail As A Matter Of Law.

Plaintiff next avers, in a very conclusory manner, that "Defendant BAC HOME LOAN SERVICING LP & SHORE MORTGAGE has [sic] commenced on foreclosure by advertisement in violation of MCL 600.3201 and MCL 600.3204(1)(c)(3)." Complaint, ¶ 12. Defendants argue that this claim should be dismissed because they have not violated MCL § 600.3201, and because MCL § 600.3204(1)(c)(3) does not exist. Defendants' arguments are well-taken.

Plaintiff fails to make any factual allegations supporting Defendants' purported violation of MCL § 600.3201. Indeed, that statute provides:

> Every mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner specified in this chapter. However, the procedures set forth in this chapter shall not apply to mortgages or real estate held by the Michigan state housing development authority.

Here, Plaintiff fails to aver: (a) that the Mortgage does not contain a power of sale; (b) that he did not default on the Mortgage; or (c) that the Mortgage was held by the Michigan state housing development authority. Even if Plaintiff had made the above-mentioned averments, they would be indisputably false because: (1) the Mortgage contains a power of sale; (2) Plaintiff was in default; and (3) the Mortgage is not and has never been held by the Michigan state housing development authority. Accordingly, Plaintiff has failed to aver a violation of MCL § 600.3201 and that claim fails as a matter of law and should be dismissed.

The Complaint also alleges that BAC has commenced foreclosure by advertisement under MCL § 600.3204(1)(c)(3). That statutory section does not exist, and thus Plaintiff's allegation that BAC commenced foreclosure in violation of that section fails to state a claim upon which relief can

be granted.  Moreover, to the extent Plaintiff's Complaint is read to assert a claim under MCL § 600.3204(1)(c), Plaintiff likewise fails to state a claim.  MCL § 600.3204(1)(c) provides: "A party may foreclose a mortgage by advertisement if * * * [t]he mortgage containing power of sale has been properly recorded."  Here, Plaintiff concedes that the Mortgage was properly recorded. *See* Complaint, ¶ 4.  Furthermore, to the extent Plaintiff's Complaint is read to assert a claim under MCL § 600.3204(3), Plaintiff also fails to state a claim.  MCL § 600.3204(3) provides:

> If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

Here, it is undisputed that there is a record chain of title evidencing the assignment of the Mortgage to the foreclosing party – BAC.  The assignment to BAC was recorded on November 19, 2009, and the sheriff's sale occurred on December 10, 2009.  *See* (Dkt. 16, Ex. C).  Accordingly, a record chain of title existed prior to the date of the foreclosure sale, and Plaintiff's claim fails as a matter of law and should be dismissed.

### 4. Plaintiff's Breach Of Fiduciary Duty Claim Fails As A Matter Of Law.

Finally, in a section of the Complaint labeled "Factual Allegations – Breach of Fiduciary Duties," Plaintiff generally repeats his TILA violation allegations, and further alleges that Defendants' alleged violation of TILA constitutes breach of fiduciary relationship.  As set forth above, Plaintiff's TILA claims should be dismissed, and therefore so should Plaintiff's dependant breach of fiduciary duty claims.  Furthermore, Plaintiff does not adequately plead the elements of a breach of fiduciary duty claim.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Plaintiff's breach of fiduciary duty claim should be dismissed.

### III. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Shore Mortgage's motion to dismiss be **GRANTED**, that BAC's motion to dismiss be **GRANTED**, that Plaintiff's "counter motion" to deny Shore Mortgage's motion to dismiss be **DENIED** and that Shore Mortgage's motion to strike be **DENIED**, as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                S/Mark A. Randon
                                                Mark A. Randon
                                                United States Magistrate Judge

Dated: October 12, 2010

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 12, 2010.*

                                                *S/Melody R. Miles*
                                                *Case Manager to Magistrate Judge Mark A. Randon*
                                                *(313) 234-5542*